IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEITH CAMPBELL, ID # 1219880,   ) | |
|       Plaintiff,   ) | |
| vs.   ) | No. 3:05-CV-2099-B (BH) |
| ) | ECF |
| PACE SETTER PERSONNEL,   ) | Referred to U.S. Magistrate Judge |
|       Defendant.   ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff, an inmate in the Texas prison system, filed this unspecified action against his former employer, Pace Setter Personnel, for a June 2, 1999 on-the-job injury. The Court thereafter notified plaintiff that his complaint failed to comply with Fed. R. Civ. P. 8(a) in that it failed to show a basis for federal jurisdiction over this action. Amidst numerous other filings, plaintiff filed a document that the Court construes as a supplement to his complaint. He therein specifically asserts that he brings the instant action pursuant to 42 U.S.C. § 1983, that the Court has jurisdiction over his federal § 1983 claims, and that the Court has supplemental jurisdiction over his state law claims. No process has been issued in this case.

### II. PRELIMINARY SCREENING

The Court has permitted plaintiff to proceed *in forma pauperis*. His complaint is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). This statute provides that "[n]otwithstanding

any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal –

        (i) is frivolous or malicious;

        (ii) fails to state a claim on which relief may be granted; or

        (iii) seeks monetary relief against a defendant who is immune from such relief.

As demonstrated below, plaintiff fails to state a federal or constitutional claim against his former employer upon which relief may be granted. A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

## III. RELIEF UNDER § 1983

Section 1983 of Title 42 of the United States Code "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color

of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

In this instance, plaintiff has no viable action under § 1983.  His former employer does not constitute a state actor.  Plaintiff has alleged no conspiracy between defendant and any state actor.  Further, this lawsuit is not based upon any state action.  When the defendant is a private entity,

> two avenues exist by which state action may be found.  A private entity may be deemed a state actor when that entity performs a function which is traditionally the exclusive province of the state.  Alternatively, state action may be found where there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state.  Under this test, a finding of state action is justified "'only where it can be said that the state is responsible for the specific conduct of which the plaintiff complains.'  A state is not responsible for a private party's decisions unless it 'has exercised coercive power or has provided such significant encouragement, . . . that the choice must in law be deemed to be that of the state.'"

*Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989) (citations omitted).  Pace Setter Personnel does not perform a function which is traditionally the exclusive province of the state.  In addition, there is no nexus between the state and the actions of defendant such that its actions are fairly attributable to the state.  Consequently, plaintiff has no viable claim under § 1983, and the Court should dismiss his § 1983 claims as frivolous.

## IV.  LEAVE TO AMEND

On February 21, 2006, plaintiff filed a "Motion for Leave to File an Amended Prayer of Relief."  He therein seeks leave to amend his prayer for relief to add additional claims of relief under state law.

3

The Court should freely grant leave to amend "when justice so requires." *See* Fed. R. Civ. P. 15(a). Nevertheless, such leave is not automatically granted. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

> [T]he propriety of allowing amendment to cure jurisdictional defects should be governed by the same standard as other amendments to pleadings, namely the standard set forth by the Supreme Court:
>
>> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In this instance, the proposed amendment adds no viable basis for plaintiff's § 1983 claims. Without the requisite state action, plaintiff's claims under 42 U.S.C. § 1983 necessarily fail. Mere private action simply does not give rise to a constitutionally based cause of action. Because granting plaintiff leave to amend would be futile, the Court should deny leave and dismiss plaintiff's § 1983 claims.

## V. PENDENT STATE-LAW CLAIMS

Plaintiff also asserts that the Court has supplemental jurisdiction over his state-law claims. Section 1367 of Title 28 of the United States Code permits federal courts to exercise supplemental jurisdiction over pendent state claims. Whether to exercise such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the Court. *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When the Court dismisses the federal claims

at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986).

In this instance, dismissal of plaintiff's federal claims before serving defendant is recommended. There has been no discovery or significant movement in this action other than numerous unwarranted filings by plaintiff.[1] Nothing indicates that plaintiff would be legally prejudiced by requiring him to proceed with his state claims in state court. For these reasons, the Court should decline to exercise supplemental jurisdiction over the pendant state claims and dismiss those claims without prejudice to plaintiff raising them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## VI. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DENY** plaintiff leave to amend his complaint and summarily **DISMISS** plaintiff's § 1983 claims with prejudice for his failure to state a claim upon which relief may be granted. It is further recommended that the District Court **DISMISS** plaintiff's pendent state claims without prejudice to plaintiff re-filing them in state court.

**SIGNED this 21st day of March, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] For instance, plaintiff has moved for default judgment multiple times, although the Court has not yet directed defendants to answer the complaint.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE